## No. 10,435.

### GALLEGOS v. LA JARA LIVESTOCK LOAN CO.

Decided May 7, 1923.

Action to set aside alleged fraudulent conveyances. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Trial Court Findings.* Findings of the trial court upon conflicting evidence, and the judgment entered thereon, will not be disturbed on review.

2. FRAUD—*Transfer of Property.* Transfers of property made for the purpose of hindering, delaying or defrauding creditors, are void.

3. EVIDENCE—*Admissibility.* In an action to set aside alleged fraudulent conveyances, property statements and oral admissions of the debtor, held properly admitted.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. RALPH L. CARR, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

In November, 1920, one Rodolfo Gallegos, son of defendant, finding himself bankrupt, transferred to his father certain lands and water rights. Plaintiff was at that time

one. of the creditors, and in December following procured a judgment against the son for the sum of $7040.90. Execution thereon having been returned unsatisfied, this action was brought to set aside said conveyances as fraudulent. Defendant's contention · was that these were made in consideration of a pre-existing indebtedness and the assumption by him of certain debts due from his son to others and that they constituted a valid preference of himself as a creditor. The court found generally for plaintiff and to review the judgment thereupon entered this writ is prosecuted.

We must affirm this judgment, and in so doing little need be said save that it was entered upon conflicting evidence and under the well established rule will not be disturbed. Transfers for the purpose of hindering, delaying, or defrauding creditors are declared null and void by statute. Sec. 5116 C. L. 1921 (Sec. 3070 M. A. S. 1912. Sec. 2671 R. S. 1908.)

The device resorted to by these parties has been heretofore invoked by others similarly situated in this, as in other, jurisdictions and we have left no doubt of the attitude of this court toward it. *Helm v. Brewster*, 42 Colo. 25, 36, 93 Pac. 1101.

The trial court specifically found the evidence of both defendant and his son untrustworthy and that holding is supported by property statements, tax schedules, oral admissions, and inherent inconsistencies and improbabilities in the testimony itself, as disclosed by the record. It is contended that these property statements and oral admissions of the son were erroneously admitted. There was, however, ample evidence to support the finding that defendant was cognizant of, and a party to, the fraud. The evidence was admissible. *Whitescarver v. Int. Trust Co.*, 71 Colo. 416, 207 Pac. 81.

The judgment is accordingly affirmed.